Tbe opinion of tbe Court was delivered by
Clover, J.
In support of tbe nonsuit two grounds have been assumed:
1. That tbe action cannot be maintained against tbe stockholders as general partners, and
2. That there was no evidence showing that E. 0. Leitner - was competent to negotiate tbe bill of exchange, either as tbe agent of tbe corporation, or as a general partner under tbe proviso of tbe Act.
1. Por tbe protection of tbe creditors of tbe Company, tbe intention of tbe Legislature manifestly was to render tbe stockholders responsible beyond tbe liability which attaches *100 to them as corporators. They are to stand in the relation of partnership debtors to those with whom they contract, and a» security is thereby provided for the payment of their debts beyond the assets of the corporation; The Act confers upon the members, corporate powers, to be exercised under the grants in their charter, for the benefit of the Company; but it also expressly provides, that they shall not be exempt from the liabilities pertaining to general partners. To enforce this liability, creditors must sue the members constituting the corporation, as partners under the corporate name, which is the statutory designation, applicable to them as defendants, in either character. The proviso subjects them to all the hazards and responsibilities attaching to persons who are associated together for the transaction of business without a charter. Their primary liability on contracts made by the corporation, is in their character as partners, and no obligation is imposed by the Act on creditors to exhaust the assets of the corporation, nor is there any condition which requires them to pursue it to insolvency before they shall commence their actions against them as general partners. In this respect the Act differs from the statutory provisions of other States, which make the absolute liability of individual stockholders, for debts due by the Company, depend upon its dissolution, or upon the return of an execution against the corporation unsatisfied. Bank of Poughkeepsie vs. Ibbotson, 24 Wend. 473; Moss vs. Oakly, 2 Hill. N. Y. R. 264.
We are, therefore, of opinion, that the members constituting the Bivingsville Cotton Manufacturing, Company, are primarily liable as partners, under their corporate name, to the creditors of the corporation, and that the objection to the plaintiff’s declaration, in this respect, is not well taken.
2. The motion for the nonsuit was granted with stronger reliance on the second ground. It is through the intervention of agents that corporations act or contract, who are *101 either specially designated by the Act, or appointed by, and derive tbeir authority from, the corporation-; and although, generally, the contracts of corporations are under their common seal, the seal is not necessary in accepting bills of exchange, or in issuing promissory notes, by companies incorporated for the purposes.of trade. (Mayor of Ludlow vs. Charlton, 6 Mees. & Wels. 822.) The rule, however, which requires their common seal to be affixed to the acts and con- - tracts of corporations, has undergone important modifications and changes in the United States. Mr. Justice Story, says, “ whatever may be the original correctness of this doctrine as applied to corporations existing by the common law, in respect to which it has evidently been broken in upon in modern times, it has no application to corporations created by statute, whose charters contemplate the business of the corporation to be transacted exclusively by a special body or board of directors. And the acts of such body or board, evidenced by a written vote, are as completely binding upon the corporation, and as complete authority to their agents, as the most solemn acts done under the corporate seal.” (Flecner vs. United States Bank, 8 Wheat. 357.) Reviewing the authorities on this subject, Angel & Ames remark, “Upon the same principle, it seems clear that a vote or resolution appointing an agent, need not be entered on the minutes or records of the corporation in order to his due appointment; unless the charter, statute, or by-laws, are not merely directory in this particular, but render it absolutely essential. The vote of appointment, may, therefore, as an appointment of an •agent by a natural person, be implied from the permission or acceptance of his services, from the recognition or confirma•tion of his acts, or, in general, from his being held out as an authorized agent of the corporation.” (Ang. & Ames, on Corp. 220, 2d ed.)
But it is not necessary to pursue the inquiry and ascertain the competency 'of E. C. Leitner, as an agent of the corpora *102 tion, to contract for, and bind it; it is enough that be was when be negotiated tbe bill, one of tbe members of tbe Bivingsville Cotton Manufacturing Company, wbo are liable as general partners by tbe express terms of tbeir charter, and in which character they must be regarded in all tbeir contracts with tbe public. How far then can be bind bis associates by bis acts and contracts as a partner ? One partner has implied authority to bind tbe firm by contracts relating to tbe co-partnership, to borrow or pay money, tp draw, accept or indorse bills or notes, and tbe firm will be liable, although tbe money be mis-applied. (Col. on Part. 348, 356, 365.) His authority to bind bis co-partners arises from tbe nature and objects of tbe association. C. J. Marshall has very cléarly Stated this general authority of tbe partners. “ A partner, certainly the acting partner, has power to transact tbe whole business of tbe firm, whatever that may be, and consequently to bind bis partners in such transactions as entirely as himself. 'This is a general power, essential to tbe well conducting of business, which is implied in tbe existence of a partnership. When then, a partnership is formed for a particular purpose, it is understood to be in itself a grant of power to tbe acting members of tbe Company to transact its business in tbe usual way. If that business is to buy and sell, then tbe individual buys and sells for tbe Company, and every person with whom be trades in tbe way of its business, has a right to consider him as tbe Company, whoever may compose it. It is usual to buy and sell on credit; and if it be so, tbe partner wbo purchases on credit in tbe name of tbe firm, must bind tbe firm. This is a general authority held out to tbe world, to which tbe world has a right to trust.” (Winship & al. vs. Bank of United States, 5 Peters R. 561.) An understanding among tbe partners to withhold tbe power to draw or indorse bills by an individual member will nevertheless bind tbe firm as regards third persons not affected with notice of such under *103 standing. (Bank of State of South Carolina vs. Case, 8 Barn. & Cress. 422.)
Tbe competency of E. 0. Leitner to negotiate tbe bill to tbe plaintiff, is derived from bis relation to tbe members of tbe Bivingsville Cotton Manufacturing Company, either as a cor-porator or a general partner. If tbe former, some evidence, and, perhaps, more than was introduced on tbe trial, is necessary to render tbe corporation liable for bis contracts; but by tbe charter under which tbe defendants transacted business and claimed corporate privileges, tbe world was authorized to bold E. C. Leitner and George Leitner, responsible, as partners, for tbe acts or contracts of either, relating to tbe partnership. Whether tbe agent act improperly or not, so long as be acts within tbe scope of bis authority, tbe principal is liable, unless there be fraud on tbe part of him dealing with tbe agent.
Tbe evidence offered by tbe plaintiff, may have satisfied tbe jury that tbe bill was" negotiated by E. C. Leitner either as an authorized agent of tbe corporation or in bis character as partner, and it is proper that this inquiry should be submitted to tbe decision of the jury.
Tbe motion to set aside tbe nonsuit is, therefore, granted by a majority of tbe Court.
O’Neall, Wakdlaw and-Moteo, JJ., concurred.
Motion granted.,